By the Court.
William Breaker was convicted in the court of common pleas of Athens county, Ohio, on a charge of larceny of an automobile. The judgment of the court of common pleas was affirmed by. the court of appeals, and defendant below now seeks a reversal in this court on two grounds;
*671 1. The refusal of the court to admit certain evidence in his behalf.
2. The charge of the court.
As to the refusal of the court to admit certain evidence tendered by the defendant below it is sufficient to say that that evidence related wholly to the attitude of the owner of the car toward the prosecution, in reference to his being personally indisposed to prosecute the defendant, William Breaker; in short, that the evidence offered tended to show that the owner was not inclined to proceed further after learning that Breaker had taken his car. That appears fully from this passage in the record: The witness, if permitted to answer, would state that “He had informed the deputy sheriff and the prosecuting attorney that he didn’t wish the instigation of criminal proceedings against the defendant, Will Breaker, on account of driving his car to Columbus,” and that “he doesn’t consider * * * that he intended to steal it.”
It is a sufficient answer to the claimed relevancy of this evidence to say that a statutory crime is not a private wrong, but a public wrong; that the public, or state, is entirely indifferent to the personal feelings of the owner of property stolen. It is the state that is prosecuting the violation of its statute; on its oVn behalf, and not on behalf of the owner of the property.
A father would naturally not be inclined to prosecute his own son. Any man might not be inclined to prosecute some neighbor or acquaintance *672 who had stolen his property, but it would be none the less a crime, and the state’s obligation would be none the less to prosecute. The rulings of the court in respect to evidence tendered, to which objection was made, were free from error.
Coming now to the charge of the court it should be frankly said that the charge is literally incorrect, but as to whether or not the error committed by the trial court relates to the statutory matters “affecting the substantial rights” of the accused can only appear from the record. Prejudicial error is not presumed on a mere literal statement of the law. The charge must be taken in connection with the evidence to which that charge reasonably relates. The question in the case argued by counsel related to the character of the taking and use of the alleged stolen car. The record discloses the entire charge of the court, but the record does not disclose the entire evidence touching the taking and usi'ng of the car. Indeed, upon the use of the car it is fatally silent. The record does not disclose what the defendant, who admitted he took the car, said about it; nor does it disclose any of the facts or circumstances surrounding the taking. Neither does it disclose whether or not he was in any wise a witness in this cause, nor does it give the testimony of any other witness touching the use and possession of the car, as to' whether or not such taking, use and possession were felonious.
The presumption of legality attaching to the judgment of the court of common pleas, which is affirmed by the court of appeals', cannot be over *673 come or reversed upon mere guess or conjecture as to what did take place in the trial court before the jury touching the taking, use and possession of the car by defendant.
This court cannot consistently reverse the judgment of the two lower courts unless it clearly ap-. pears from the record that prejudice was done the defendant; that he did not have a fair and impartial trial upon the charge contained in the indictment; or that he was deprived of any of his substantial rights under due process of law by the charge of the court.
Therefore the judgment of the court of appeals affirming the judgment of the court of common pleas is hereby affirmed.

Judgment affirmed.

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.